UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:21-cr-175-LEW |
| | ) | |
| BRANDON DAGNESE | ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Noah Falk and Andrew McCormack, Assistant United States Attorneys, and Brandon Dagnese (hereinafter "Defendant"), acting for himself and through his counsel, Luke Rioux, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1.     Guilty Plea/Dismissal of Counts. Defendant agrees to plead guilty to Count One of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count One charges Defendant with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846.

2.     Sentencing/Penalties. Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

        A.     A maximum of twenty years;

        B.     A maximum fine of $250,000 on Count One;

        C.     A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

D.    A term of supervised release of not less than three (3) years and not more
than life. Defendant understands that his failure to comply with any of the
conditions of supervised release may result in revocation of supervised
release, requiring Defendant to serve up to two (2) additional years in
prison for any such revocation of supervised release pursuant to 18 U.S.C.
§ 3583.

2. Agreements Regarding Sentencing. The parties agree to the following:

### Binding Recommendation

A.    The term of imprisonment imposed by the Court shall not be less than 30
months and not more than 36 months. The parties agree that a sentence
within this range is an appropriate disposition of this case. If the Court
determines that a sentence in excess of 36 months is appropriate,
Defendant may withdraw his plea of guilty pursuant to Rule 11(c)(1)(C).
If the Court determines that a sentence of less than 30 months is
appropriate, the Government may withdraw from this Agreement. The
Government may also withdraw from this agreement if at any time
between his execution of this Agreement and sentencing, Defendant: (a)
fails to admit a complete factual basis for the plea; (b) fails to truthfully
admit his conduct in the offenses of conviction; (c) engages in conduct
which results in an adjustment under U.S.S.G. § 3C1.1; (d) falsely denies
or frivolously contests relevant conduct for which the Defendant is
accountable under U.S.S.G. § 1B1.3 or previous convictions that the
defendant has sustained; or (e) engages in new criminal conduct.
Defendant understands that he may not withdraw the guilty plea if, for any
of the reasons listed above, the Government withdraws from this
Agreement.

### Non-Binding Recommendations

B.    The parties agree to recommend that the Court find that the Defendant has
accepted responsibility for the offenses of conviction, and that the Court
should reduce the Defendant's Adjusted Offense Level pursuant to
U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a
reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of
this Agreement and sentencing, Defendant: (a) fails to admit a complete
factual basis for the plea; (b) fails to truthfully admit his conduct in the
offenses of conviction; (c) engages in conduct which results in an
adjustment under U.S.S.G. § 3C1.1; (d) falsely denies or frivolously
contests relevant conduct for which the Defendant is accountable under
U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained;
or (e) engages in new criminal conduct. Defendant understands that he

2

may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

The parties agree and understand that the Court has the discretion to impose any lawful sentence consistent with paragraph 3(A), above.

4.    Appeal Waivers.    Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

B.    A sentence of imprisonment that does not exceed 36 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

5.    New Criminal Conduct.    Defendant agrees that he will not commit any other federal or state crime.

6.    Consequences of Breach.    If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence

3

or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

B.   Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7.   Speedy Trial Waiver. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

8.   Forfeiture. Defendant agrees to waive any claim to, withdraw any previously filed claim, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

9.   Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement,

4

then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 12-12-22

_____
Brandon Dagnese, Defendant

I am legal counsel for Brandon Dagnese. I have carefully reviewed every part of this Agreement with Brandon Dagnese. To my knowledge, Brandon Dagnese's decision to enter into this Agreement is an informed and voluntary one.

Date: 12/12/22

_____
Luke Rioux, Esquire
Attorney for Defendant

FOR THE UNITED STATES:    Darcie N. McElwee
                          United States Attorney

Date: 3/22/22

_____
Noah Falk
Assistant U.S. Attorney

Approved:                 _____
                          Supervisory Assistant U.S. Attorney

5