**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

------------------------------------------------x
UNITED STATES OF AMERICA,

                                                  1:21-cr-00175-LEW

    v.

LUCAS SIROIS,
          Defendant.
------------------------------------------------x

## **<u>MOTION TO DISQUALIFY THE PROSECUTOR</u>**

### **INTRODUCTION**

It is a fundamental principle that a criminal defendant has the right to face a disinterested prosecutor. This principle applies at all stages of the proceeding. Unfortunately, the current assigned prosecutor handling the above-captioned matter, and potentially the entire criminal division of the United States Attorney's Office for the District of Maine, has an actual conflict of interest that will ripen at the evidentiary hearing scheduled for April 11-13, 2023, before this Court. Accordingly, the prosecutor should be disqualified and an independent, disinterested prosecutor assigned to handle this matter moving forward.

As this Court is well aware, the April 11-13 hearing involves determining in part whether some or all of the expenditure of funds by the Department of Justice ("DOJ"), in furtherance of its investigation into Mr. Sirois and other joint defendants, was in violation of the Rohrabacher-Farr Amendment ("Rohrabacher-Farr"). Part of this inquiry will involve analyzing whether the relevant activities of the DOJ, from the inception of the investigation, were compliant with Rohrabacher-Farr. The potential violation of Rohrabacher-Farr, which prohibits the use of federal funds to interfere with state medical

1

marijuana laws, could also result in a violation of the Anti-Deficiency Act ("the Act"). It is this combination of statutes that gives rise to the conflict. Violators of the Act would be subject to administrative and criminal sanctions for violations. these sanctions are personal to the violator of the Act. Because the prosecutor has a very real personal interest in the outcome of the Rohrabacher-Farr inquiry for that reason, there is an irreconcilable conflict. Moreover, the appearance of a conflict is inescapable, raising questions about the prosecutor's ability to impartially represent the interests of the United States in this inquiry.

The allegations of a potential violation of the law in the investigation, in the form of potential violations of the Rohrabacher-Farr Amendment, are serious issues with significant legal consequences. The potential violation of the Anti-Deficiency Act and its associated liabilities further compound the matter. It is crucial that the prosecutor tasked with representing the interests of the United States in this inquiry is impartial and free from conflicts of interest. By disqualifying the prosecutor, the court can ensure that justice is served, and the integrity of the criminal justice system is maintained.

## BACKGROUND

On March 14, 2023, Defendants by and through counsel alerted the DOJ as to an apparent conflict of interest for members of the United States Attorney's Office for the District of Maine as a result of the confluence of Rohrabacher-Farr violations and the Act[1]. In its response on March 22, 2023, the Government stated that it had undertaken all "necessary consultations" and concluded that "no recusal is necessary and no prosecutor in our office has an actual or apparent conflict of interest." The Defendant respectfully

---

[1] *See* Letter to Darcie N. McElwee, U.S. Attorney, District of Maine. March 12, 2023, annexed hereto as Exhibit "A."

disagrees with the Government's conclusion and requests that this Court disqualify[2] the prosecutor after further analysis of the facts surrounding the potential conflict of interest.

## ARGUMENT

### A Violation of Rohrabacher-Farr is a Violation of the Anti-Deficiency Act

As an initial matter, it is clear that the Rohrabacher-Farr Amendment and the Anti-Deficiency Act must be read in tandem; a violation of the Amendment by its terms constitutes a violation of the Act. The Anti-Deficiency Act prohibits federal employees from making or authorizing an expenditure from, or creating or authorizing an obligation under, any appropriation or fund in excess of the amount available in the appropriation or fund unless authorized by law (31 U.S.C. § 1341(a)(1)(A)). It also prohibits involving the government in any obligation to pay money before funds have been appropriated for that purpose, unless otherwise allowed by law (31 U.S.C. § 1341(a)(1)(B)). The Act further prohibits accepting voluntary services for the United States, or employing personal services not authorized by law, except in cases of emergency involving the safety of human life or the protection of property (31 U.S.C. § 1342). Additionally, it prohibits making obligations or expenditures in excess of an apportionment or reapportionment, or in excess of the amount permitted by agency regulations (31 U.S.C. § 1517(a)).

---

[2] It is worth noting that the DOJ provides a comprehensive process for evaluating whether or not a prosecutor - or indeed the entire U.S. Attorney's Office - should be recused. When United States Attorneys, or their offices, become aware of an issue that could require a recusal in a criminal or civil matter or case as a result of an actual or apparent conflict of interest, they must contact EOUSA's General Counsel's Office (GCO). U.S. Government Accountability Office, Appropriations Law Resources, https://www.gao.gov/legal/appropriations-law/resources (last visited Mar. 13, 2023). United States Attorneys cannot recuse themselves or their offices from cases or matters. They must be recused by the designated Associate Deputy Attorney General. The requirement of recusal does not arise in every instance, but only where a conflict of interest exists or there is an appearance of a loss of impartiality, such as where a number of employees face the probability of sanctions based on their conduct.

Federal employees who violate the Anti-Deficiency Act are subject to two types of sanctions: administrative and penal. Employees may be subject to appropriate administrative discipline including, when circumstances warrant, suspension from duty without pay or removal from office. In addition, if the violations are knowing and willful, employees are subject to criminal prosecution, fines, and up to two-years imprisonment (31 U.S. Code § 1349). Punitive administrative actions against individual employees are the most common result of Anti-Deficiency Act violations.

The overlap between Rohrabacher-Farr – which forbids the use of federal funds by DOJ to interfere with the regulation by the states of the medical marijuana market – and the Act – which establishes sanctions in the event of the expenditure of unauthorized funds – is clear. In addition to the apparent logical connection, the authors of the Amendment have previously pointed it out to DOJ. In 2015, the authors of the Rohrabacher-Farr amendment clarified in a letter addressed to the then-Inspector General for the Department of Justice, Michael Horowitz, that the expenses incurred in furtherance of an unlawful prosecution were a violation of both the Anti-Deficiency Act and the Rohrabacher-Farr provision of the Consolidated and Further Continuing Appropriations Act of 2015 (PL 113-235) Sec. 538.[3]

**LEGAL STANDARD**

A criminal defendant has the right to face a disinterested prosecutor. *Young v. United States*, 481 U.S. 787, 807 (1987); *see also Berger v United States*, 295 U.S. 78, 88 (1935) ("the [prosecutor] is the representative not of an ordinary party to a controversy but of a sovereignty whose obligation to govern impartially is as compelling as its

---

[3] A copy of this letter is included as an exhibit to the letter we attached at Exhibit "A."

obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done"). Generally, disqualification may be appropriate if the prosecutor has a conflict of interest that undermines their ability to act with impartiality and represent the interests of the state fairly. Conflicts requiring disqualification may arise from a personal or financial interest in the case, a close relationship with a witness, or other factors that could create an appearance of impropriety.

District Courts within the First Circuit have evaluated the question of disqualifying a prosecutor to "protect the integrity of the judicial process, to enforce its rules against transgressors, or to maintain public confidence in the legal profession." *United States v. Kouri-Pérez*, 992 F. Supp. 511, 511 (D.P.R. 1997) (citing *In re Bushkin Assocs., Inc.*, 864 F.2d 241, 246 (1st Cir. 1989)).

> The Court "may disqualify an attorney to prevent a lawyer's presence from tainting a trial, for perceived conflict of interest, to protect the integrity of the judicial process, to enforce its rules against transgressors, or to maintain public confidence in the legal profession." The Court should only disqualify an attorney, however, "in the rare instance where other sanctions may not achieve the necessary effect." *United States v. Adams*, 2018 U.S. Dist. LEXIS 208752, *92-93. (Internal citations removed)

It is well-established that, "[a]ny disqualification remedy must be measured by what is required under the circumstances to ensure a fair trial." *See United States v. Koerber*, No. 2:17-cr-37-RJS-PMW, 2017 U.S. Dist. LEXIS 116490, 2017 WL 3172809, at *4 (D. Utah July 25, 2017) ("[T]he sanction of disqualification of counsel should be measured by the facts of each particular case as they bear upon the impact of counsel's conduct upon the trial.") (internal quotation marks and alterations omitted); *cf. United States v. Kehoe*, 310 F.3d 579, 589-90 (8th Cir. 2002) (concluding that disqualification of entire US Attorney's Office was not required where an attorney who worked for a

defendant's appointed counsel during pre-trial proceedings was later hired by the US Attorney's Office early in the case, but was walled off from the case). United States v. Adams, 2018 U.S. Dist. LEXIS 208752, *92. *See also United States v. Whittaker,* 268 F.3d 185, 194-95 (3d Cir. 2001) (court is bound to undertake a "'careful balancing' of proper considerations of judicial administration against the United States' right to prosecute the matter through counsel of its choice"). Finally, a prosecutor with an actual conflict or whose continued representation of his office "would violate any specific constitutional provision, statute, or rule" may be subject to disqualification. *In re Grand Jury Subpoena of Rochon*, 873 F.2d 170, 175 (7th Cir. 1989) (prosecutor not subject to disqualification where there is *no* allegation that a specific law may be violated in the absence of disqualification) (emphasis supplied).

Defendant Lucas Sirois does not make the instant application lightly. While examples of prosecutors disqualified by the Court are infrequent, and the courts are wary to tread on the toes of the Executive Branch, the matter here involves that rarest of creatures, an actual, personal conflict. The Rohrabacher-Farr hearing must, of necessity, delve into the question of what members of DOJ knew and when they knew it; and did they, in the course of this investigation and prosecution, exceed the bounds of Rohrabacher-Farr. A finding that the Amendment was violated is effectively a finding that the Act was violated as well, as any unauthorized spending would of necessity also be spending of unappropriated funds. Because the Act provides for the administrative and/or penal sanctioning of an employee who violates its terms, the current prosecutorial team has a very real and personal interest in the outcome of the proceeding – in short, a conflict of interest. That conflict may well affect the presentation of evidence, the questioning of witnesses, and the arguments made. The current team is the exact opposite

6

of the disinterested representative of the public that a prosecutor in the American system of justice must be. It is for this reason that the prosecutor should be disqualified and an independent prosecutor with no connection to the investigation and prosecution to date should be appointed by the Department of Justice.

## CONCLUSION

The possibility of facing civil or criminal penalties for breaching the Anti-Deficiency Act casts a shadow over this hearing. The US Attorney's Office is required to defend its investigation from the outset of federal involvement, potentially placing the actions of specific prosecutors under scrutiny. This conflict of interest goes beyond the mere appearance of impropriety – the current representatives of the Government cannot be disinterested when their own actions face potential sanctions. As a result, disqualification is the only way to ensure a fair and just proceeding, free of the taint of conflict.

WHEREFORE, Defendant Lucas Sirois respectfully requests that the Court disqualify AUSA Noah Falk and the United States Attorney's Office for the District of Maine for its clear conflict of interest.

Dated:  March 27, 2023                Respectfully submitted,

Timothy C. Parlatore, Esq.
Eric Postow, Esq.
Parlatore Law Group, LLP
One World Trade Center, Suite 8500
New York, New York 10007
Tel: (212)679-6312
timothy.parlatore@parlatorelawgroup.com

Mark Dion, Esq.
Fredette Dion LLC
254 Commercial Street

Portland, Maine 04101
Tel: (207)318-1004
dionmark@me.com

*Attorneys for Defendant Lucas Sirois*