# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 1:21-cr-175-LEW |
| ) | |
| DERRICK DOUCETTE ) | |

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Darcie N. McElwee, United States Attorney for the District of Maine, and Noah Falk, Assistant United States Attorney, and Derrick Doucette (hereinafter "Defendant"), acting for himself and through his counsel, Richard Berne, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts.</u> Defendant agrees to plead guilty to Count Four of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Count Four charges Defendant with Conspiracy to Commit Honest Services Fraud in violation of Title 18, United States Code, Section 1349. The United States agrees that it will move to dismiss Counts One and Six of the Indictment as to Defendant pursuant to Rule 11(c)(1)(A) at the time of sentencing. The parties agree and understand that if the Court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

    A.    A maximum prison term of 20 years;

  B. A maximum fine of $250,000, or twice the amount of loss caused by the offense, or twice the gain realized by the defendant, as a result of the commission of the crime, whichever is greater;

  C. A mandatory special assessment of $100.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

  D. A term of supervised release of not more than 3 years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

  3. <u>Agreements Regarding Sentencing.</u> The parties agree to make the following **binding recommendation** as to sentencing: The term of imprisonment imposed by the Court shall not be more than 57 months. If the Court determines that a sentence in excess of 57 months is appropriate, Defendant may withdraw his plea of guilty pursuant to Rule 11(c)(1)(C). The Government may also withdraw from this agreement if at any time between his execution of this Agreement and sentencing, Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offenses of conviction; (c) engages in conduct which results in an adjustment under U.S.S.G. § 3C1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he may not withdraw the guilty plea if, for any of the reasons listed above, the Government withdraws from this Agreement.

2

The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers.</u> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

   A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

   B. A sentence of imprisonment that does not exceed 57 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>New Criminal Conduct.</u> Defendant agrees that he will not commit any other federal or state crime.

6. <u>Consequences of Breach.</u> If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

   A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence

3

        or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

    7.    <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

    8.    <u>Forfeiture</u>. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including but not limited to the following property: (a) $127,663.70 on deposit in Account Number 23908-71 in the name of Narrow Gauge Distributors at Franklin-Somerset Federal Credit Union; and (b) $46,810.39 on deposit in Account Number 34533-20 at Maine Family Federal Credit Union.

4

9. **Validity of Other Agreements; Signature.** This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 6/17/23

_____
Derrick Doucette, Defendant

I am legal counsel for Derrick Doucette. I have carefully reviewed every part of this Agreement with Derrick Doucette. To my knowledge, Derrick Doucette's decision to enter into this Agreement is an informed and voluntary one.

Date: 6/17/23

_____
Richard Berne, Esquire
Attorney for Defendant

FOR THE UNITED STATES: Darcie N. McElwee
United States Attorney

Date: 6/20/2023

Noah Falk
Assistant U.S. Attorney

Approved:

Supervisory Assistant U.S. Attorney

Revised 4/11/2022

6