Jason H. Ehrenberg, Esq.
(Admitted *pro hac vice*)
Holon Law Group LLP
1178 Broadway, 3rd Floor #4503
New York, NY 10001
Direct: 202.888.3773
Main:   866.372.0726
JEhrenberg@HolonLaw.com

*Attorneys for Defendant Lucas Sirois*

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

</div>

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>LUCAS SIROIS,<br>　　　　　Defendant | Case No.: 21-cr-175-LEW |

**DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL UNDER RULE 29(a)**

Defendants Lucas Sirois and Robert Sirois, by undersigned counsel, respectfully move this Court pursuant to Fed. R. Crim. P. 29(a) for a judgment of acquittal on all counts, or alternatively on all counts and statutory quantity determinations that rely on (1) plants seized at the Avon facility and (2) untested plants from any location. This motion is based solely on the government's case-in-chief.

**I. LEGAL STANDARD**

Under Rule 29(a), the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." The test is whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential

elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (citing cases); *United States v. Acevedo*, 882 F.3d 251, 257 (1st Cir. 2018) ("To succeed on his Rule 29 motion, Ducoudray must show that the evidence presented at trial, even when viewed in the light most favorable to the government, did not suffice to prove the elements of the offenses beyond a reasonable doubt."), citing *United States v. Gabriele*, 63 F.3d 61, 67 (1st Cir. 1995). *See also United States v. Hatch*, 434 F.3d 1, 4 (1st Cir. 2006).

The First Circuit has repeatedly held that a conviction cannot rest on speculation or by "stack[ing] inference upon inference." *United States v. Valerio*, 48 F.3d 58, 64 (1st Cir. 1995) ("That having been said, it must be borne in mind that the proof must still have been sufficient for the jury to have found guilt beyond a reasonable doubt."); *United States v. Loder*, 23 F.3d 586, 590 (1st Cir. 1994). There simply is not sufficient evidence of possession or constructive possession here. Constructive possession requires knowledge of the object and the power and intent to exercise dominion and control over it. This circuit has consistently defined constructive possession as existing only when a person knowingly has the power and intention at a given time to exercise dominion and control over an object either directly or through others." *See United States v. Cruz*, 352 F.3d 499, 510 (1st Cir. 2003); *see also United States* v. *Nieves-Burgos*, 62 F.3d 431, 437-38 (1st Cir. 1995); *United States* v. *Torres-Maldonado*, 14 F.3d 95, 102 (1st Cir. 1994); *United States* v. *Garcia*, 983 F.2d 1160, 1164 (1st Cir. 1993).

Where the government's own evidence fails to establish an element or affirmatively negates it, Rule 29(a) requires acquittal.

## II. THE AVON FACILITY PLANTS CANNOT BE ATTRIBUTED TO DEFENDANTS AS A MATTER OF LAW

On July 21, 2020, law enforcement seized more than 1,000 plants from a facility in Avon, Maine (the government seized 1189 plants). The government's evidence showed only that

2

Defendant Lucas Sirois held an ownership interest in Defendant Spruce Valley, the building as part of a joint venture, and not a single witness suggested he exercised any control over cultivation, manufacturing, distribution, or any other aspect of Ms. B's. William Brey testified and the evidence showed that Mr. Brey and his wife Mary were the sole owners of the alleged cultivation business at the facility and that they exercised sole dominion over Ms. B's alleged cultivation, manufacturing, distribution, possession, etc. **Mr. Brey went as far as to state that the more than 1000 plants seized at 105 Avon Road on July 21, 2020 were in his sole custody, possession, ownership and control. Mr. Brey agreed that the government was putting the seized materials at 105 Avon Road from his "bucket" into the defendants' bucket.**

On the government's own case:

- The cultivation operations at Avon were not conducted, managed, supervised, or directed by the defendants.
- The plants at Avon were not planted, selected, tended, or controlled by the defendants.
- All day-to-day grow decisions were made by other individuals entirely independent of defendants.
- The defendants had no operational authority over the cultivation or the plants seized.
- The defendants had no control over the proceeds or bank account associated with Ms. B's Avon cannabis.

The government's evidence therefore establishes:

- co-ownership of a building on the part of Defendant Lucas Sirois,
- without dominion or control over the plants, and
- without participation in or authority over cultivation.

This is legally insufficient to establish actual or constructive possession. *See Cruz*, 352 F.3d at 510; *see also Nieves-Burgos*, 62 F.3d at 437-38; *Torres-Maldonado*, 14 F.3d at 102; *Garcia*, 983 F.2d at 1164. First Circuit case law makes clear that constructive possession demands power and intent to control the contraband, not mere proximity or co-ownership of property. *See Cruz*, 352 F.3d at 510; *Nieves-Burgos*, 62 F.3d at 437-38; *United States* v. *Torres-Maldonado*, 14 F.3d at 102 (1st Cir. 1994); *United States* v. *Garcia*, 983 F.2d 1160, 1164 (1st Cir. 1993).

There is no evidence—and in fact, there is contrary evidence—that defendants controlled the Avon grow or the plants found there. There is also no evidence—and in fact, there is contrary evidence—that defendants had the power and/or intent to constructively possess the plan materials seized at the Avon grow. Thus, no rational juror could find beyond a reasonable doubt that the defendants possessed the 1189 Avon plants.

### III.    Requested Relief

The more than 1,000 Avon plants must be excluded as a matter of law from all counts and any drug-quantity thresholds.

### IV.    THE UNTESTED PLANTS CANNOT LEGALLY BE TREATED AS MARIJUANA" ON THIS RECORD

The raid and seizure occurred on July 21, 2020, almost two years after Congress enacted the 2018 Farm Bill, which removed hemp—defined as *Cannabis sativa L.* with no more than 0.3% $\Delta$9-THC—from Schedule I. Thus, identification of a plant as "marijuana" required proof that it exceeded the legal $\Delta$9-THC limit. The government only tested 84 of the plants and flowering plants and tested all the clones that came back as inconclusive. The government only tested only **46** pounds out of the **2,204.62262185** pounds of plant material seized from 105 Avon. Similarly, the government tested only a fraction of the 1,805 plants seized from the Shoe Shop.

On the government's evidence alone:

1. The DEA laboratory produced a 25–40% inconclusive rate on the samples it did test. With one room at .012 % positive results out of 651 total plants.

2. The government did not test the vast majority of the plants seized.

3. Government witnesses testified that Defendant Lucas Sirois was cultivating CBD/hemp varietals, *i.e.*, lawful hemp strains under federal law.

Therefore:

- The government has no test results for the untested plants;
- A materially high inconclusive rate undermines any ability to extrapolate identity;
- The government's own evidence establishes the presence of hemp varietals in the crop.

Under First Circuit law, treating untested plants as marijuana would require exactly what *Valerio* forbids: "stack[ing] inference upon inference." The government presented no chemical analysis, no Δ9-THC measurement, and no permissible evidentiary basis to classify any untested plant as marijuana.

The government cannot meet its burden by assumption or speculation, especially where its own witnesses acknowledged the presence of hemp strains and its own lab showed a substantial inconclusive (meaning "negative") rate. Inferences that are "certainly plausible" may still have limited significance. *See United States v. Pérez-Meléndez*, 599 F.3d 31, 43-44 (1st Cir. 2010); *United States v. Burgos*, 703 F.3d 1, 17 (1st Cir. 2012). Suggestive though they may be, none of the available inferences here establish that untested plant materials were marijuana. Only by "stack[ing] inference upon inference" of limited significance in contravention of First Circuit precedent could the Court determine that the jury could have found defendants guilty beyond a reasonable doubt. *Burgos*, 703 F.3d at 9, 10, 16, citing *Valerio*, 48 F.3d at 64. Without stacking

inferences, this Court is left with, at the very most, a thin reed of relevant evidence. *See Pérez-Meléndez*, 599 F.3d at 46-47 (finding/holding that the relevant evidence would not allow a rational factfinder to conclude beyond a reasonable doubt that defendants committed the charged crime – thus, because the government failed to prove an essential element of the crime charged against defendants by proof beyond a reasonable doubt—that defendants knowingly possessed cocaine—the Constitution mandated acquittal on the charge against both defendants).

### V.     Requested relief:

The untested plants must be excluded as a matter of law from all plant counts, weight calculations, and statutory thresholds.

### VI.    ONCE THE AVON AND UNTESTED PLANTS ARE REMOVED, THE REMAINING EVIDENCE IS LEGALLY INSUFFICIENT

After removing (1) the Avon plants (no evidence of possession or control), and (2) the untested plants (no evidence of identity as marijuana), the remaining evidence is insufficient, even in the light most favorable to the government, for any rational juror to find the essential elements or the statutory thresholds beyond a reasonable doubt. Under Rule 29(a), the Court must enter judgment of acquittal.

### CONCLUSION

For these reasons, Defendants respectfully requests that the Court:

1. Enter judgment of acquittal as to all counts and statutory thresholds relying on the Avon facility plants;

2. Enter judgment of acquittal as to all counts and statutory thresholds relying on untested plants;

3. And to the extent the indictment cannot be sustained without those quantities, enter judgment of acquittal on the indictment as a whole.

Dated: November 16, 2025	Respectfully submitted,

**HOLON LAW PARTNERS LLP**

<u>*//s//* *Jason H. Ehrenberg*</u>
Jason H. Ehrenberg, Esq.
(Admitted *pro hac vice*)
Eric Postow, Esq.
(Admitted *pro hac vice*)
Holon Law Group LLP
1178 Broadway, 3rd Floor #4503
New York, NY 10001
Direct: 202.888.3773
Main:   866.372.0726
JEhrenberg@HolonLaw.com

<u>*//s//* *Mark Dion*</u>
Mark Dion, Esq.
Fredette Dion LLC
254 Commercial Street
Portland, Maine  04101
Tel: (207)318-1004
dionmark@me.com

***Attorneys for Defendant Lucas Sirois***

<u>*//s//* *William Maselli*</u>
William Maselli, Esq.
Bar No. 3853
118 East Main Street
Dover-Foxcroft, Maine 04426
207-780-8400
williammaselli55@gmail.com

***Attorney for Defendant Robert Sirois***

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to counsel for all individuals and entities who have entered appearances in this case pursuant to the Court's ECF system.

<p style="margin-left: 3em;"><u>//s// Jason H. Ehrenberg</u><br>
Jason H. Ehrenberg</p>